# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                        Plaintiff,<br>   vs.<br>ROBERTO ZAMORA-MORONES,<br><br>                      Defendant. | CASE NO. 09CR4087-LAB<br><br>**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE UNDER 18 U.S.C. § 3582(c)(2)** |

     In 2010, this Court sentenced Roberto Zamora-Morones ("Zamora") to the mandatory minimum term of 120 months in custody following his guilty plea to importing 5.9 kilograms of actual methamphetamine into the United States. Zamora's sentence was based on the statutory mandatory minimum for the offense and not on a guideline range under the United States Sentencing Guidelines "(U.S.S.G.").[1] He's now filed a motion under 18 U.S.C. § 3582(c)(2) asking the Court to reduce his sentence.

     Section 3582(c)(2) permits a court to reduce a defendant's original sentence when the sentence is "based on" a guideline range that has subsequently been lowered by an amendment to the Guidelines. After Zamora was sentenced, the U.S. Sentencing Commission approved Amendment 782 to the Guidelines, which lowered the sentencing /

///

---

[1] Zamora did not receive a departure for Substantial Assistance under U.S.S.G. 5K1.1.

- 1 -

09CR4087

range for most drug offenses by 2 levels. The Commission also voted to make the changes retroactive.

But Amendment 782 has no application to Zamora's original sentence since his sentence resulted from a statutorily-required minimum sentence and was not "based on" the Guidelines. *See United States v. Rodriguez-Soriano*, 855 F.3d 1040, 1046 (9th Cir. 2017); *United States v. Paulk*, 569 F.3d 1094 (9th Cir. 2009) (holding that a defendant whose sentence was based on the statutory mandatory minimum rather than on the Sentencing Guidelines was not entitled to a reduction under § 3582(c)(2)).

Alternatively, Zamora is not eligible for a sentence reduction under § 3582(c)(2) because his offense involved a quantity of actual methamphetamine that exceeded 4.5 kilograms. While the Guideline amendments lowered the base offense levels for *most* drug offenses, they did not lower level for *his* offense. *See* USSG § 2D1.1(c)(1)(2016) (base offense level of 38 applies to offenses involving 4.5 kilos or more of methamphetamine).

Zamora is not eligible for a sentence reduction under § 3582(c)(2); his motion is **DENIED.**

**IT IS SO ORDERED**.

DATED: February 5, 2018

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge